IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY PATRICIA HYNOSKI,

        Plaintiff,

v.                                                               CIV 09-0812 CEG/KBM

JOHN HARMSTON, *et al.*,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    Plaintiff filed this action *pro se* and seeks to proceed *in forma pauperis*. *See Doc. 3*. On August 27, 2009, Plaintiff Hynoski consented pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 73(b) to Magistrate Judge Carmen E. Garza serving as the presiding judge and entering final judgment. *See Doc. 4*. Judge Garza did not grant permission to proceed, and ordered Plaintiff to show cause why this case should not be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Doc. 5*.

    Although Plaintiff's Complaint is brought under 28 U.S.C. § 1983, it

        does not allege that a person acting under color of state law deprived Ms. Hynoski of a federal right. Setting aside the

>       form in which the complaint is made and construing
>       Plaintiff's complaint liberally, she still fails to state a cause
>       for relief. Ms. Hynoski does not allege how Defendants
>       violated one of her federal rights. Because Plaintiff has not
>       named a proper Defendant in this § 1983 action, the Court
>       finds Plaintiff's complaint fails to state a valid claim that
>       may be litigated in federal court.

*Doc. 5* at 2. In response, Plaintiff filed an Amended Complaint within the deadline. *See Doc. 6.* I have reviewed it and recommend that it also be dismissed.

Plaintiff has attached more than 100 pages of exhibits to her Amended Complaint, and these documents provide a thorough picture of the underlying dispute. Plaintiff is a massage therapist, and over a decade ago sued Wild Oats in a personal injury suit after she slipped and fell and tore cartilage in her right wrist. Dr. John Harmston performed surgery to repair the tear. Her personal injury suit went to trial, and the verdict was in Plaintiff's favor. Her attorney, Scott Voorhees, did not request compensation for future medical damages because the medical records did not bear out a claim that future surgeries would be necessary. *See Doc. 6-3* at 11-15, 30-31, 34-35. In 2004, however, she underwent a second surgery for the same problem, which Dr. Harmston attributed to "deterioration of the same condition, which necessitated her first surgery in 1995." *Id.* at 36.

In 2004 she also began complaining about an injury to her left wrist, caused when a person for whom she was working at a bed and breakfast twisted it. Dr.

Harmston did not recommend operating, even though Plaintiff's left wrist was not recovering quickly. Instead, he prescribed that she continue with exercise and alternative therapies such as acupunture and ultrasound treatments. The incident with the left wrist was the subject of some sort of mediation, and Dr. Harmston wrote a "to whom it may concern" note explaining Plaintiff's condition. *Doc. 6-4* at 19-21.[1] Hynoski also complains about the second surgery performed on her right wrist – although she initially recovered from the surgery and was doing well, "something popped when picking up a pan in 2005." *Doc. 6-6* at 14.

Plaintiff initiated a New Mexico Medical Board proceeding in 2005, as well as a lawsuit in state court in October 2007, against Dr. Harmston and a hospital. She alleged, among other things, that he was negligent in his care. During the course of the suit, she also came to believe that he did not answer interrogatories truthfully and also falsified documents. *See, e.g., Doc. 6-2* at 3-11, 13-20, 32, 37. She asserts that she is no longer able to function as a productive massage therapist and survives on Social Security disability payments. *See Doc. 6* at 2-3.

In the state suit, trial judge James A. Hall granted summary judgment in favor

---

[1] Evidently, her wrist injuries persist. According to medical records, Plaintiff has had complaints of pain and lack of function in her left wrist through 2009, though x-rays show no problems other than mild degenerative changes. She is being treated with injections. *See, e.g., Doc. 6-5* at 2-3, 5-9, 11-12; *Doc. 6-6* at 2-4, 9-10.

of the defendants in February 2009.  Plaintiff's unsuccessful appeal concluded on July, 30, 2009 when the New Mexico Supreme Court denied certiorari.  *See, e.g., id.* at 3-4; *see also Doc. 1* at 18; *Hynoski v. Harmston,* et. al, D-101-CV-200702624 (state district court docket sheet) (attached).

Plaintiff initiated this federal suit on August 20, 2009 against Dr. Harmston and the hospital alleging that the doctor and Mr. Voorhees "fraudulently concealed" her medical condition, alleging that they and other non-state actors engaged in a "conspiracy," and challenging the state court's grant of summary judgment.  *See Doc. 1* at 2-5.  Her Amended Complaint exclusively names as defendants the judges involved with her state suit – from Judge Hall through the Justices of the New Mexico Supreme Court.  She asserts that the state decision was wrong, and invokes various constitutional rights for challenging how the state proceedings were conducted.  *See Doc. 6* at 2-4; *see also id.* at 3 ("Plaintiff alleges that the judges in this case did not lawfully act within the color of sate law, thereby denying Plaintiff of the upholding of the New Mexico Statues (sic) for the Medical Malpractice Act in addition to not upholding case law.").  Hynoski maintains that by granting summary judgment for the defendants when she no longer can perform massages, the trial court has rendered her "disabled" within the meaning of the Americans with Disabilities Act.  *Id.* at 4.  She also resurrects her fraudulent concealment allegations,

casting them in constitutional terms, and seeks sanctions against heretofore unmentioned attorneys who are not named as defendants. *See id.* at 5-9.

For the same reasons stated by Judge Garza in her order to show cause, the individual attorneys are not state actors. *See also, e.g., Segler v. Felfam Ltd. Partnership,* 324 Fed .Appx. 742, 743 (10th Cir. 2009) ("Felfam is a private, not state, actor and therefore not a proper defendant in this § 1983 action."). In addition, the judges are absolutely immune from suit for their judicial acts in connection with the state proceedings under § 1983 and under the Americans with Disabilities Act. *E.g., Doran v. Sanchez,* 2008 WL 3851843 at *1 (10th Cir. 2008) ("Judge Sanchez was acting in his judicial capacity in presiding over the [New Mexico] state court case, and those actions are entitled to absolute immunity even when 'alleged to have been done maliciously or corruptly.'") (quoting *Stump v. Sparkman,* 435 U.S. 349, 356 (1978)); *see also Lowery v. Utah,* 315 Fed. App'x 45, 45-47 (10th Cir. 2008) (When Plaintiff-Appellant alleged that dismissal of his state court lawsuit was discriminatory and violated Title II of the ADA, Tenth Circuit upheld dismissal under 28 U.S.C. § 1915(e)(2)(B) because the judge "is entitled to absolute judicial immunity from suit for performance of judicial acts").

Moreover, this Court has no subject matter jurisdiction to review whether a state civil decision was "wrong."

> "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007). "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman.*" *Erlandson v. Northglenn Mun. Court,* 528 F.3d 785, 789 (10th Cir. 2008). . . . Ms. Segler argues that the Colorado state court dismissed her claim against Felfam for retaliatory eviction; thus, she may properly assert it as the basis of her § 1983 claim without running afoul of *Rooker-Feldman.* Again, this argument provides no basis for reversal. Felfam is a private, not state, actor and therefore not a proper defendant in this § 1983 action. *See* 42 U.S.C. § 1983. Finally, we disagree with Ms. Segler that judicial immunity is inapplicable here. . . . judges are absolutely immune from suit unless they act in "clear absence of all jurisdiction," meaning that even erroneous or malicious acts are not proper bases for § 1983 claims. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).

*Segler,* 324 Fed. App'x at 743.

Wherefore,

IT IS HEREBY RECOMMENDED that Plaintiff's motion to proceed *in forma pauperis (Doc. 3)* be denied, and this matter be dismissed as "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B) because her Amended Complaint fails to state a cognizable federal claim.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28

U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE