IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY PATRICIA HYNOSKI**,

        Plaintiff,

vs.                                                                                                    Civ. No. 09-812 MV/KBM

**JOHN HARMSTON**, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Mary Patricia Hynoski's *Motion to Reconsider* (Doc. 20), *Rule 60 Relief from judgment or order:* (Doc. 21), *Rule 15 Amendments and Supplemental Pleadings* (Doc. 22), *Motion for Hearing* (Doc. 25), and *Motion for Hearing* (Doc. 27). The Court has reviewed the motion and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motions will be denied.

Hynoski filed this action *pro se* and sought to proceed *in forma pauperis*. *See* Doc. 3. The Honorable Carmen E. Garza, United States Magistrate Judge presiding by consent, ordered Hynoski to show cause why IFP should not be denied and the case dismissed under 28 U.S.C. § 1915(e)(2)(B). *See* Doc. 5. Judge Garza explained that Plaintiff's Complaint, which was brought under 28 U.S.C. § 1983 and against Dr. John Harmston and the Lea County Regional Medical Center,

> does not allege that a person acting under color of state law deprived Ms. Hynoski of a federal right. Setting aside the form in which the complaint is made and construing Plaintiff's complaint liberally, she still fails to state a cause for relief. Ms. Hynoski does not allege how Defendants violated one of her federal rights. Because Plaintiff has not named a proper Defendant in this § 1983 action, the Court finds Plaintiff's complaint fails to state a valid claim that may be litigated in federal court.

*Id.* at 2.

Hynoski then filed, within the deadline established in the Order, an Amended Complaint adding seven judges as Defendants. *See* Doc. 6. The Honorable Karen B. Molzen, United States Magistrate Judge, reviewed the Amended Complaint and recommended that it be dismissed. *See id.* at 8. Judge Molzen explained that Hynoski previously had initiated against Dr. Harmston and a hospital a New Mexico Medical Board proceeding in 2005 and a lawsuit in state court in October 2007 alleging negligent care. *See* Doc. 8 at 3. In the state-court action, in February 2009, trial judge James A. Hall granted summary judgment in favor of the defendants. *See id.* at 3-4. Plaintiff unsuccessfully appealed, and, on July 30, 2009, the New Mexico Supreme Court denied certiorari. *See id.* at 4. In her Amended Complaint, Hynoski names as Defendants the judges involved in her state suit and alleges that the state decision was wrong and that her constitutional rights were violated during the state proceedings. *See* Doc. 6 at 1-4. In addition, she reasserts her allegations against attorneys who are not listed as defendants. *See id.* at 5-9. Judge Molzen stated that, similar to Dr. Harmston, the individual attorneys are not state actors and that judges are absolutely immune from suit for their judicial acts performed in connection with the state proceeding. *See* Doc. 8 at 5. Judge Molzen correctly noted that the Court has no subject-matter jurisdiction to review whether a state's civil decision was wrong. *See id.* Ultimately, Judge Molzen recommended that the "Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be denied, and this matter be dismissed as 'frivolous' within the meaning of 28 U.S. C. § 1915(e)(2)(B) because [Hynoski's] Amended Complaint fails to state a cognizable federal claim." *Id.* at 6. Hynoski filed untimely objections to the proposed findings, Doc. 11. The Court, nevertheless, considered the objections *de novo*, adopting Judge Molzen's Proposed Findings and Recommended Disposition and finding that it

would be futile for Plaintiff to amend her Complaint. *See* Doc. 15 at 2-3. The Court dismissed with prejudice the claims against the state-court judges and dismissed without prejudice the claims against Dr. Harmston and Lea Regional Medical Center to the extent the Amended Complaint could be found to have named them as Defendants. *See id.* at 2. The Court again noted that Hynoski did not show in the Amended Complaint that Harmston or the Medical Center were acting under color of state law as explained in Judge Garza's initial order. *See id.* In addition, the Court denied Plaintiff's motion to proceed *in forma pauperis*. *See* Doc. 15 ¶ 4 at 3. On March 3, 2010, the Court entered a Final Order, Doc. 16, dismissing the action with prejudice as to Judge James Hall, Judge Michael Vigil, Chief Justice Edward L. Chàvez, and Justice Charles W. Daniels, and without prejudice to the extent the Amended Complaint purports to allege a claim against Defendants Dr. Harmston and Lea Regional Medical Center. *See* Doc. 16 at 1.

On March 24, 2010, Hynoski filed five documents: *Motion to Reconsider* (Doc. 20), *Rule 60 Relief from judgment or order:* (Doc. 21), *Rule 15 Amendments and Supplemental Pleadings* (Doc. 22), *Amended Complaint* (Doc. 23), and *Amended Complaint* (Doc. 24). On April 13, 2010, she filed a *Motion for Hearing* (Doc. 25), and, on April 20, 2010, filed a *Rule 8 Claim for Relief:* (Doc. 26), which the Court construes as an Amended Complaint. On April 28, 2010, Hynoski filed another *Motion for Hearing* (Doc. 27). The *Motion to Reconsider* and the *Rule 60 Relief from judgment or order:* appear, in essence, to make the same argument: Hynoski did not mean to name the seven judges as Defendants in her case. *See* Docs. 20 and 21. Hynoski asserts that only Dr. Harmston and Lea Regional Medical Center should be the named Defendants. *Id.* In the *Motion to Reconsider*, Hynoski asserts that naming the seven judges was simply an error on her part. *See* Doc. 20 at 1. In the Rule 60 motion, Hynoski argues that the listing of the seven judges as Defendants was excusable neglect. *See* Doc. 21 at 1.

In the civil context, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (citing *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). Instead, a motion for reconsideration is treated as a rule 59(e) motion to alter or amend the judgment if filed within ten days of the district court's entry of final judgment or as a rule 60(b) motion for relief from judgment if filed more than ten days after entry of the judgment. *See id.* A rule 59(e) motion should be granted "only to correct manifest errors of law or to present newly discovered evidence." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1274-75 (10th Cir. 2005) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). "The opportunity to present a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. LaHue*, 998 F.Supp. 1182, 1194 (D. Kan. 1998)(Lungstrum, J.)(citation and internal quotation marks omitted).

Hynoski filed her motions for reconsideration on March 24, 2010, twenty-one days after the filing of the Final Order. Her request to correct a prior submitted document due to an error of law would normally be construed as a motion brought under rule 59(e). Such a motion, however, must be filed within ten days of the Court's entry of judgment. Hynoski's filing is untimely. Her *Motion to Reconsider* (Doc. 20) will be denied. The Court will consider Hynoski's argument, however, in its Rule 60 analysis.

Hynoski filed a second motion to reconsider under Rule 60. *See* Doc. 21. Rule 60 (b)(1) of the Federal Rules of Civil Procedure provides, in relevant part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Hynoski has set forth nothing that would indicate that there is a

valid basis for granting the requested relief.[1] She amended her original Complaint in order to specifically add the judges as Defendants. Certainly naming seven state-court judges as defendants in a lawsuit and alleging that they violated Plaintiff's constitutional rights cannot be seen as "mistake, inadvertence, surprise, or excusable neglect," regardless of how physically or emotionally overwhelmed Hynoski claims to be.

With her Rule 60 motion, Hynoski filed a *Rule 15 Amendments and Supplemental Pleadings* requesting the Court's permission to again amend her Complaint. More recently, Hynoski filed a *Rule 8 Claim for Relief:* asserting fraud against John Harmston. As evidenced by the Final Order, Hynoski's action has been dismissed. There is no active case, therefore, in which to file an Amended Complaint. The Court may, however, consider a motion to amend in conjunction with a motion for reconsideration. "After a district court enters a final judgment . . . it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (citing *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)). The Court will consider the motion to amend only because the basis for reconsideration is Hynoski's desire to amend her Complaint. Nevertheless, looking at the proposed Amended Complaints,[2] it is clear that Hynoski has not recognized or understood the Court's many instructions as to the deficiencies in her Complaint. *See* Docs. 5, 8 and 15. Her proposed Amended Complaint filed on March 24, 2010 is

---

[1] Even under 59(e), there is no manifest error of law that would allow Hynoski to amend her complaint. Her lack of knowledge of the law is the basis upon which she argues error of law. Lack of knowledge and error of law are not synonymous. Hynoski's argument fails.

[2] There is no substance to the Amended Complaint filed at docket number 23, and, therefore, the Amended Complaint filed at docket number 24 will be the document considered as the proposed second Amended Complaint.

5

the same complaint with the same allegations as she previously filed, but the style of the case now names "John Harmston, et al./Lea Regional Medical Center"[3] as the only Defendants liable for her damages – just as it did in her original Complaint that failed to state a cognizable federal claim. *See* Doc. 24 at 1 and 2. Nothing substantive has changed. Hynoski still does not show that Harmston or Lea Regional Medical Center was acting under color of state law and deprived her of a federal right. She continues to allege that the state judges did not "lawfully act within the color of state law" and "deprived her of her rights guaranteed by the United States Constitution," even though the judges are no longer named as Defendants. Doc. 24 at 2-3. She further asserts claims against others who are not named as Defendants. *See* Doc. 24 at 4 and 8. There remains no federal question, no diversity and no subject-matter jurisdiction.

In the Amended Complaint filed on April 20, 2010, Hynoski asserts fraud against Dr. Harmston, his attorney Carla Williams, and others and makes no reference to Lea Regional Medical Center. She does not show that either of these two individuals were acting under color of state law or deprived her of a federal right. She does not name anyone as Defendant other than Dr. Harmston. And, still, despite a change in the language of the Amended Complaint, there is no federal question, no diversity and no subject-matter jurisdiction. The Rule 60 motion and the request to amend the Complaint will be denied.[4] Additionally, because there is no basis for a reconsideration, the motions

---

[3] No clarification is provided in the Amended Complaint as to "et al."

[4] The Court notes that, in addition to the substantive deficiencies of the proposed Amended Complaint, Hynoski's request to amend does not comply with the local rules of court, in that she did not attach a copy of the proposed Amended Complaint to the motion, and instead filed it separately without the Court's permission. *See* D.N.M.LR-Civ.R. 15.1.

for hearing will also be denied.[5]

**IT IS ORDERED THAT** the *Motion to Reconsider* (Doc. 20) is DENIED;

**IT IS FURTHER ORDERED THAT** the *Rule 60 Relief from judgment or order:* (Doc. 21) is DENIED;

**IT IS FURTHER ORDERED THAT** the *Rule 15 Amendments and Supplemental Pleadings* (Doc. 22) is DENIED;

**IT IS FURTHER ORDERED THAT** the *Motion for Hearing* (Doc. 25) is DENIED;

**IT IS FURTHER ORDERED THAT** the *Motion for Hearing* (Doc. 27) is DENIED.

**DATED** this 15th day of July, 2010.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[5] On May 5, 2010, Hynoski filed another *Motion for Hearing* (Doc. 28) which consists only of a doctor's report. This document has no relevancy to the motions to reconsider and will, therefore, be disregarded by the Court.